1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MAILLIARD KING,

11             Plaintiff,                    No. CIV S-07-0846 FCD JFM P

12        vs.

13    D. K. SISTO, Warden, et al.,

14             Defendants.                   <u>ORDER</u>

15    _____/

16             Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17    filed pursuant to 42 U.S.C. § 1983.  By order filed May 2, 2007, plaintiff's claims were severed

18    from those of five other putative plaintiffs and plaintiff was given thirty days in which to file an

19    individual amended complaint together with an individual application to proceed in forma

20    pauperis.  After receiving an extension of time, plaintiff has now filed an amended complaint and

21    an application to proceed in forma pauperis.[1]

22    /////

23    _____

24        [1]  With his amended complaint, plaintiff separately filed a document styled as a motion
      for preliminary injunction and temporary restraining order.  Review of the document shows that
      it is not grounded in a present threat of irreparable injury to plaintiff, but instead is properly
25    construed as a motion for permanent injunction by which plaintiff seeks all the injunctive relief
      that he seeks in this action.  Consequently, the motion will be denied without prejudice to its
26    renewal, as appropriate, at a later stage of these proceedings.

1

Plaintiff has submitted a declaration that makes the showing required by 28
U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently
without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.
§ 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding
month's income credited to plaintiff's prison trust account.  These payments shall be collected
and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief
against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
granted, or that seek monetary relief from a defendant who is immune from such relief.  28
U.S.C. § 1915A(b)(1),(2).  A claim is legally frivolous when it lacks an arguable basis either in
law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d
1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is
based on an indisputably meritless legal theory or where the factual contentions are clearly
baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim,
however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885
F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S.
41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain

1   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

2   allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, at

3   1965.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

4   defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

5   v. Pardus, __ U.S. __, 127 S.Ct. 2197 (2007) (quoting Bell, slip op. at 7-8, in turn quoting Conley

6   v. Gibson, 355 U.S. 41, 47 (1957).  In reviewing a complaint under this standard, the court must

7   accept as true the allegations of the complaint in question, Erickson, id., and construe the

8   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

9   (1974).

10          Plaintiff names eight defendants in the amended complaint, including D.K. Sisto,

11  Warden of California State Prison-Solano; T.C. Shockley, Associate Warden; V. Singh,

12  Associate Warden; and N. Grannis, Chief of Inmate Appeals.  There are no specific charging

13  allegations against any of these four defendants.  Plaintiff refers to them only in a prayer for relief

14  in which he seeks a preliminary and permanent injunction ordering these four defendants "to stop

15  engaging in deliberate indifference to the wrongs set forth in this complaint."  (Amended

16  Complaint, filed July 10, 2007, at enumerated p. 16.)

17              The Civil Rights Act under which this action was filed provides as follows:
                Every person who, under color of [state law] . . . subjects, or causes
18              to be subjected, any citizen of the United States . . . to the
                deprivation of any rights, privileges, or immunities secured by the
19              Constitution . . . shall be liable to the party injured in an action at
                law, suit in equity, or other proper proceeding for redress.
20

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  /////

3

1  omits to perform an act which he is legally required to do that causes the deprivation of which

2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3        Moreover, supervisory personnel are generally not liable under § 1983 for the

4  actions of their employees under a theory of respondeat superior and, therefore, when a named

5  defendant holds a supervisorial position, the causal link between him and the claimed

6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

8  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

9  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10  Cir. 1982).  Plaintiff's inclusion of defendants Sisto, Shockley, Singh and Grannis appears

11  grounded in nothing more than a theory of respondeat superior.  Accordingly, the court will not

12  order service of process on these four defendants.

13        The amended complaint states a cognizable claim for relief against the remaining

14  named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of

15  the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits

16  of his claims against these four defendants.

17        In accordance with the above, IT IS HEREBY ORDERED that:

18        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

20  The fee shall be collected and paid in accordance with this court's order to the Director of the

21  California Department of Corrections and Rehabilitation filed concurrently herewith.

22        3.  Service is appropriate for the following defendants:  C/O Shufflebeam; Mr.

23  Cornell; S. Cervantes and M.D. Corioso.

24        4.  The Clerk of the Court shall send plaintiff four USM-285 forms, one

25  summons, an instruction sheet and a copy of the amended complaint filed July 10, 2007.

26  /////

5.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a.  The completed Notice of Submission of Documents;

        b.  One completed summons;

        c.  One completed USM-285 form for each defendant listed in number 3 above; and

        d. Five copies of the endorsed amended complaint filed July 10, 2007.

6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7.  Plaintiff's July 10, 2007 motion for injunctive relief is denied without prejudice to its renewal, as appropriate, at a later stage of these proceedings.

DATED: September 12, 2007.

UNITED STATES MAGISTRATE JUDGE

12
king0846.1am

5

1

2

3

4

5

6

7

8                            IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAILLIARD KING,

11              Plaintiff,                        No. CIV S-07-0846 FCD JFM P

12        vs.

13   D. K. SISTO, et al.,                         NOTICE OF SUBMISSION

14              Defendants.                            OF DOCUMENTS

15   _____/

16              Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18              _____        completed summons form

19              _____        completed USM-285 forms

20              _____        copies of the _____
                                            Amended Complaint

21   DATED:

22

23                                           _____
                                             Plaintiff
24

25

26