1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MALLIARD KING,

11            Plaintiff,                 No. 2:-07-cv-0846-FCD-JFM (PC)

12        vs.

13   D.K. SISTO, Warden,  et al.,

14            Defendants.               ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17   rights action filed pursuant to 42 U.S.C. § 1983.  On October 18, 2006, plaintiff, together with

18   five other inmates, filed a civil rights action.[1]  This action was opened pursuant to a May 2, 2007

19   order severing plaintiff's claims from those of five other inmates who had filed one civil rights

20   action.  On July 10, 2007, pursuant to that order, plaintiff filed a document styled as an amended

21   complaint raising only claims personal to him.  On October 1, 2007, plaintiff filed a request for

22   injunctive relief.  On October 24, 2007, the court ordered the United States Marshal to request a

23   waiver of service from four defendants named in the amended complaint, defendants

24   Stufflebeam, Cornell, Cervantes and Corioso.

25

26        [1]  The original complaint is dated October 8, 2006, which is therefore deemed the filing
     date for the action.  See Houston v. Lack, 487 U.S. 266 (1988).

                                          1

On January 2, 2008, defendants filed a motion to dismiss.  By order filed February 7, 2008, plaintiff's request for an extension of time to file an opposition to the motion to dismiss was granted.  On February 26, 2008 and March 12, 2008, plaintiff filed requests for an extension of time to file a second amended complaint, and on May 12, 2008, plaintiff filed a proposed second amended complaint.  By order filed May 29, 2008, plaintiff's requests for extension of time were granted, plaintiff's May 12, 2008 second amended complaint was be deemed filed as of right, and defendants' motion to dismiss was denied as moot.  The May 29, 2008 order further provided that the court would screen the second amended complaint pursuant to 28 U.S.C. § 1915A in a separate order and that defendants would not be required to respond to the second amended complaint until it had been so screened by the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

1   <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>

2   <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

3   complaint under this standard, the court must accept as true the allegations of the complaint in

4   question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the

5   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

6   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

7            Plaintiff has named forty defendants in the second amended complaint.  His

8   claims are grounded in a chronology of events set forth in the second amended complaint.  The

9   chronology begins on March 9, 2005 and ends on April 25, 2008.  The allegations of the second

10  amended complaint raise a series of discrete constitutional claims of retaliation, interference with

11  the right of access to the courts, violation of the Eighth Amendment proscription against cruel

12  and unusual punishment, provision of inadequate medical care and several pendent state law

13  claims.

14           Pursuant to 42 U.S.C. § 1997e(a), prison inmates are required to exhaust available

15  administrative remedies before filing § 1983 actions in federal court.  42 U.S.C. § 1997e(a).  As a

16  general rule, the failure to exhaust administrative remedies is not a pleading requirement but is a

17  defense that must be raised and proved by defendants.  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d 1108,

18  1117-1119 (9th Cir. 2003).  At least one federal court of appeals has held that this general rule

19  "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds."

20  <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 681 (4th Cir. 2005).  In

21  <u>Anderson</u>, the United States Court of Appeals for the Fourth Circuit that in certain limited

22  circumstances a district court can raise *sua sponte* the issue of exhaustion of administrative

23  remedies.  <u>Id</u>. at 682.  The <u>Anderson</u> court cautioned, however, that "[e]xcept in the rare case

24  where failure to exhaust is apparent from the face of the complaint, however, a district court

25  cannot dismiss the complaint without first giving the inmate an opportunity to address the issue."

26  <u>Id</u>.

1    As noted above, the instant action is deemed filed as of October 8, 2006, the date

2 of the original complaint.  Charging allegations in the second amended complaint that precede

3 that date implicate only four of the forty defendants named in the second amended complaint.

4 See Second Amended Complaint, filed May 12, 2008, at 1-18.  The remaining charging

5 allegations in the second amended complaint describe events that occurred on or after October

6 13, 2006.  It is apparent from the face of the second amended complaint that plaintiff could not

7 even have attempted to comply with the administrative exhaustion requirement of 42 U.S.C.

8 § 1997e(a) for any claim based on events that occurred on or after October 8, 2006 prior to filing

9 the instant action, because the events had not yet happened.  Because administrative exhaustion

10 must precede the filing of an action, see McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002),

11 plaintiff may not proceed in this action on any claim that arose after the date the original

12 complaint was filed.[2]  For this reason, the second amended complaint will be dismissed with

13 leave to file a third amended complaint raising only claims based on events that occurred before

14 October 8, 2006.[3]

15    In accordance with the above, IT IS HEREBY ORDERED that:

16    1.  Plaintiff's second amended complaint is dismissed; and

17    2.  Within thirty days from the date of this order, plaintiff shall complete the

18 attached Notice of Amendment and submit the following documents to the court:

19       a.  The completed Notice of Amendment; and

20       b.  An original and one copy of the Third Amended Complaint.

21 Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act,

22 the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended

23

24    [2]  This court makes no findings at this time as to whether plaintiff has satisfied the
requirements of 42 U.S.C. § 1997e(a) with respect to any of claims in the second amended
25 complaint that arise from events that predate the filing of this action.

26    [3]  Nothing in this order precludes plaintiff from filing, as appropriate, a new action based
on events that occurred on or after October 8, 2006.

4

complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  June 13, 2008.

UNITED STATES MAGISTRATE JUDGE

12
king0846.3am

1
2
3
4
5
6
7                           IN THE UNITED STATES DISTRICT COURT
8                        FOR THE EASTERN DISTRICT OF CALIFORNIA
9    MALLIARD KING,
10              Plaintiff,                          No. 2:07-cv-0846-FCD-JFM (PC)
11        vs.
12                                                  NOTICE OF AMENDMENT
13              Defendants.
14   _____/
15              Plaintiff hereby submits the following document in compliance with the court's
16   order filed _____:
17              _____       Third Amended Complaint
18   DATED:
19
20                                            _____
21                                            Plaintiff
22
23
24
25
26
                                              6