IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALLIARD KING,

    Plaintiff,                              No. 2:-07-cv-0846-FCD-JFM (PC)

    vs.

D.K. SISTO, Warden, et al.,

    Defendants.                        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. On October 18, 2006, plaintiff, together with five other inmates, filed a civil rights action.[1] This action was opened pursuant to a May 2, 2007 order severing plaintiff's claims from those of five other inmates who had filed one civil rights action. On July 10, 2007, pursuant to that order, plaintiff filed a document styled as an amended complaint raising only claims personal to him. On October 24, 2007, the court ordered the United States Marshal to request a waiver of service from four defendants named in the amended complaint, defendants Stufflebeam, Cornell, Cervantes and Corioso. On January 2, 2008, those four defendants appeared in the action by filing a motion to dismiss. Subsequently, plaintiff filed a second amended complaint as of right. See Order filed May 29, 2008. By order filed June 16,

---

[1] The original complaint is dated October 8, 2006, which is therefore deemed the filing date for the action. See Houston v. Lack, 487 U.S. 266 (1988).

1

2008, plaintiff's second amended complaint was dismissed and plaintiff was granted thirty days to file a third amended complaint raising only claims based on events that occurred before October 8, 2006. Plaintiff has now filed a third amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

Plaintiff has named five defendants in the third amended complaint. His claims are grounded in a chronology of events set forth starting on page seven of that pleading. As with the chronology set forth in the second amended complaint, the chronology begins on March 9, 2005 and ends in April 2008. As with the second amended complaint, the allegations of the third amended complaint raise a series of discrete constitutional claims of retaliation, interference with the right of access to the courts, violation of the Eighth Amendment proscription against cruel and unusual punishment, provision of inadequate medical care and several pendent state law claims.

In this court's June 16, 2008 order, plaintiff was advised of the provisions of 42 U.S.C. § 1997e(a), pursuant to which prison inmates are required to exhaust available administrative remedies before filing § 1983 actions in federal court. As the court noted in that order:

> As a general rule, the failure to exhaust administrative remedies is not a pleading requirement but is a defense that must be raised and proved by defendants. See Wyatt v. Terhune, 315 F.3d 1108, 1117-1119 (9th Cir. 2003). At least one federal court of appeals has held that this general rule "does not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005). In Anderson, the United States Court of Appeals for the Fourth Circuit that in certain limited circumstances a district court can raise *sua sponte* the issue of exhaustion of administrative remedies. Id. at 682. The Anderson court cautioned, however, that "[e]xcept in the rare case where failure to exhaust is apparent from the face of the complaint, however, a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue." Id.

Order filed June 16, 2008, at 3. In that order, plaintiff was informed that administrative exhaustion must precede the filing of an action, see McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002), and that he therefore could not proceed in this action on any claim that arose after the date the original complaint was filed. The order also specifically provided that nothing therein precluded plaintiff from filing, as appropriate, a new action based on events that occurred on or after October 8, 2006.

Plaintiff has not complied with the court's June 16, 2008 order. The third amended complaint includes a series of allegations that run from October 19, 2006 through April 2008, and are raised both against the defendants named in the third amended complaint and against other individuals. For this reason, the third amended complaint will be dismissed with leave to file a fourth amended complaint raising only claims based on events that occurred before October 8, 2006. Plaintiff is cautioned that if he fails to comply with this order and, specifically, that if he includes allegations in the fourth amended complaint allegations based on events after October 8, 2006, the court recommend that this action be dismissed as a sanction for failure to comply with this court's orders. See Local Rule 11-110; Fed. R. Civ. P. 41.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint is dismissed; and

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Fourth Amended Complaint.

Plaintiff's fourth amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: November 3, 2008.

UNITED STATES MAGISTRATE JUDGE

12
king0846.4am

4

|    |                                                           |
|----|-----------------------------------------------------------|
| 1  |                                                           |
| 2  |                                                           |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALLIARD KING,

    Plaintiff,                                     No. 2:07-cv-0846-FCD-JFM (PC)

    vs.

                                                      <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____       Fourth Amended Complaint

DATED:

                                                         _____
                                                         Plaintiff