IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALLIARD KING,

    Plaintiff,                                 No. 2:-07-cv-0846-FCD-JFM (PC)

    vs.

D.K. SISTO, Warden, et al.,

    Defendants.                          ORDER

_____/

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. On October 18, 2006, plaintiff, together with five other inmates, filed a civil rights action.[1] This action was opened pursuant to a May 2, 2007 order severing plaintiff's claims from those of five other inmates who had filed one civil rights action. On July 10, 2007, pursuant to that order, plaintiff filed a document styled as an amended complaint raising only claims personal to him. On October 24, 2007, the court ordered the United States Marshal to request a waiver of service from four defendants named in the amended complaint, defendants Stufflebeam, Cornell, Cervantes and Corioso. On January 2, 2008, those four defendants appeared in the action by filing a motion to dismiss. Subsequently, plaintiff filed a second amended complaint as of right. See Order filed May 29, 2008. By order filed June 16,

---

[1] The original complaint is dated October 8, 2006, which is therefore deemed the filing date for the action. See Houston v. Lack, 487 U.S. 266 (1988).

1

2008, plaintiff's second amended complaint was dismissed and plaintiff was granted thirty days to file a third amended complaint raising only claims based on events that occurred before October 8, 2006. On August 11, 2008, plaintiff filed a third amended complaint. By order filed November 4, 2008, plaintiff's third amended complaint was dismissed for failure to comply with the limitations set in the court's June 16, 2008 order. Plaintiff was granted thirty days to file a fourth amended complaint, and was cautioned that if he included allegations based on events after October 8, 2006, the court would recommend dismissal of this action. After receiving an extension of time, plaintiff has now filed a fourth amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a

complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

    Plaintiff has specifically named five individuals as defendants in the fourth amended complaint. See Fourth Amended Complaint, filed December 16, 2008, at 3, 5-6. His claims are grounded in a chronology of events set forth starting on page seven of that pleading. The chronology begins on March 9, 2005 and ends on September 5, 2006. As with prior complaints, the allegations of the fourth amended complaint raise a series of discrete constitutional claims of retaliation, interference with the right of access to the courts, violation of the Eighth Amendment proscription against cruel and unusual punishment, provision of inadequate medical care and several pendent state law claims.

    Plaintiff has now complied with the court's orders to limit the claims in the fourth amended complaint to claims that predate October 8, 2006, and the fourth amended complaint states cognizable claims for relief against three of the five individuals who are specifically identified as defendants in the fourth amended complaint, defendants Cervantes, Corioso, and Stufflebeam. There are no charging allegations against the other two named defendants, Warden Sisto and Law Librarian J. R. Cornell. Accordingly, the court will not order service of process on Warden Sisto, and Law Librarian Cornell will not be required to answer the fourth amended complaint. The fourth amended complaint also includes allegations against other correctional staff, but those individuals are not named as defendants in the sections of the fourth amended complaint where defendants are listed. Cf. Fed. R. Civ. P. 10(a) (title of complaint must name all parties). Accordingly, the court will not order service of process on any other individual referred to in the fourth amended complaint.

    On February 10, 2009, plaintiff filed an application for an extension of time to file an in forma pauperis application. Plaintiff was granted leave to proceed in forma pauperis on

| 1 | September 13, 2007. Plaintiff's application for extension of time is unnecessary and will
| 2 | therefore be denied.
| 3 | In accordance with the above, IT IS HEREBY ORDERED that:
| 4 | 1. Within twenty days from the date of this order defendants Cervantes, Corioso
| 5 | and Stufflebeam shall file and serve a response to plaintiff's fourth amended complaint; and
| 6 | 2. Plaintiff's February 10, 2009 application for extension of time is denied as
| 7 | unnecessary.
| 8 | DATED: March 26, 2009.

*/s/ [signature]*
UNITED STATES MAGISTRATE JUDGE

12
king0846.o