1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MAILLIARD KING,

11          Plaintiff,                    No. 2:07-0846-FCD-JFM (PC)

12   vs.

13   D. K. SISTO, et al.,

14          Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This matter is before the court on plaintiff's request for temporary restraining

18   order and preliminary injunctive relief.

19          A request for temporary restraining order such as the instant request, where notice

20   has been provided to defendants, is governed by the same general standards that govern the

21   issuance of a preliminary injunction.  See <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434 U.S.

22   1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist.</u>

23   <u>Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v.</u>

24   <u>Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  The legal principles applicable to a

25   request for injunctive relief are well established.  To prevail, the moving party must show either a

26   likelihood of success on the merits and the possibility of irreparable injury, or that serious

1

1    questions are raised and the balance of hardships tips sharply in the movant's favor.  See

2    Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune,

3    Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations

4    represent two points on a sliding scale with the focal point being the degree of irreparable injury

5    shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must

6    demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a

7    significant showing of possible irreparable harm, the court need not reach the issue of likelihood

8    of success on the merits.  Id.

9           In his request, plaintiff alleges that on April 5, 2009, he asked a correctional

10   sergeant for a cell move due to problems with his cell mate.  Instead of granting the request, the

11   sergeant talked with the cell mate and then returned him to the cell with plaintiff.  After he was

12   returned to the cell, the cell mate assaulted plaintiff, causing several injuries including a broken

13   wrist, cuts to plaintiff's forehead, and injury to plaintiff's back.  Plaintiff has subsequently been

14   placed in administrative segregation.  Plaintiff alleges that he is afraid to seek medical treatment,

15   and he contends that this event is another incident in a series of retaliatory events against

16   plaintiff.  He seeks wide-ranging injunctive relief.  See Request filed April 9, 2009, at 13-14.

17   Defendants have filed an opposition to the motion.

18          The principal purpose of preliminary injunctive relief is to preserve the court's

19   power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11

20   Federal Practice and Procedure, §2947 (1973).  In addition to demonstrating that he will suffer

21   irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair

22   chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International,

23   Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International

24   Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit

25   in this required showing is that the relief awarded is only temporary and there will be a full

26   hearing on the merits of the claims raised in the injunction when the action is brought to trial.

1        In addition, as a general rule this court is unable to issue an order against

2   individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine

3   Research, Inc., 395 U.S. 100 (1969).

4        This action is proceeding on claims raised against four defendants in plaintiff's

5   fourth amended complaint, filed December 16, 2008.  Though framed as a request for temporary

6   restraining order and couched in general terms as arising from an ongoing series of reprisals, the

7   instant request arises from events that are entirely distinct from the claims raised in plaintiff's

8   fourth amended complaint and that occurred four months after the fourth amended complaint was

9   filed.  None of the defendants to this action were involved in the alleged events that gave rise to

10  the instant request.  Moreover, the instant request was filed four days after the events that give

11  rise to it, precluding any possibility that plaintiff has exhausted administrative remedies with

12  respect to the claims raised therein.  Cf. 42 U.S.C. § 1997e(a).

13       The claims raised in the request for temporary restraining order are not at issue in

14  the instant proceedings, nor do those claims involve any of the named defendants.  For these

15  reasons, IT IS HEREBY RECOMMENDED that plaintiff's April 9, 2009 request for temporary

16  restraining order be denied.

17       These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

22  /////

23  /////

24  /////

25  /////

26  /////

3

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  July 7, 2009.

4

5                                                UNITED STATES MAGISTRATE JUDGE

6

7  12
   king0846.tro
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4