IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAILLIARD KING

        Plaintiff,                            No. 2:07-cv-0846-FCD-JFM (PC)

    vs.

D. K. SISTO, et al.,                     <u>ORDER AND</u>

        Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised against defendants S. Cervantes, M.D. Corioso, and W. Stufflebeam in plaintiff's fourth amended complaint, filed December 16, 2008. This matter is before the court on defendants' motion to dismiss for failure to exhaust administrative remedies prior to suit pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the motion.[1]

/////

---

[1] With his opposition, plaintiff filed a document styled as a motion for judicial notice. The motion contains legal argument and case citations, which are not properly the subject of judicial notice. Plaintiff's motion will be denied.

ALLEGATIONS OF THE FOURTH AMENDED COMPLAINT

Plaintiff's fourth amended complaint contains the following allegations against defendants Cervantes, Corioso and Stufflebeam. On March 9, 2005, a personal alarm was activated at California State Prison-Solano (CSP-Solano). Generally, all inmates except those with medical chronos are required to get down on the ground when personal alarms are activated. On March 9, 2005, plaintiff had medical chronos which stated that plaintiff did not have to get down during an alarm. Plaintiff was approached by Correctional Officer Harris, who ordered him to get down on the ground. Plaintiff showed the Officer Harris his chronos, which were based on plaintiff's back injuries and other medical problems. Officer Harris disregarded the chronos and forced plaintiff to the ground. Officer Harris then confiscated the chronos and escorted plaintiff to the medical department to obtain verification of the chronos. When told he would have to wait, Officer Harris left the medical department without returning plaintiff's chronos.

On March 11, 2005, plaintiff filed an inmate grievance against the correctional officer. On August 1, 2005, after plaintiff had experienced "undue delays" in the return of his grievance, plaintiff filed another grievance concerning the efforts of the administration at CSP-Solano to "deliberately impede" plaintiff's right to file an inmate appeal. Fourth Amended Complaint, filed December 16, 2008, at 8.

On November 1, 2005, plaintiff was sixth in line to enter the law library. Defendant Stufflebeam told plaintiff that he used the law library too much and therefore that the library was "going to strictly adhere to an already existing but not constantly used ducating system." Id. After that, plaintiff was told by another inmate that he had overheard Officer Harris and defendant Stufflebeam "mentioning plaintiff's name several times during a conversation." Id. For that reason, plaintiff filed an inmate grievance alleging that defendant Stufflebeam had retaliated against plaintiff for filing an inmate grievance against Officer Harris by "capriciously and arbitrarily denying Plaintiff access to the Law Library." Id. at 9.

On March 8, 2006, while plaintiff was in the prison law library, defendant Stufflebeam confiscated two documents from plaintiff and read legal documents that belonged to plaintiff and another inmate that plaintiff was assisting. One of the documents showed that plaintiff had "transferred" preferred legal user (PLU) status. Thereafter, defendant Stufflebeam went to the law library supervisor and tried to get plaintiff's preferred legal user (PLU) status cancelled and "the PLU transferred policy discontinued." Id. On April 27, 2006, plaintiff submitted an inmate grievance concerning defendant Stufflebeam confiscating and reading the legal documents that belonged to plaintiff and the other inmate. Plaintiff has also reported and complained about defendants Stufflebeam's "continual retaliatory efforts" to impede plaintiff's right to access the law library and the courts. Id. ON April 26, 2006, defendant Stufflebeam denied plaintiff and other inmates PLU access to the law library even though they had been granted such access before.

On May 9, 2006, defendant Stufflebeam confiscated a typewriter plaintiff was using in the law library. Plaintiff explained that he was authorized to use the typewriter as a member of the Men's Advisory Committee, but defendant Stufflebeam confiscated it anyway. There were several inmates using typewriters and plaintiff was the only inmate defendant Stufflebeam inquired about or confiscated a typewriter from.

On May 10, 2006, defendants Stufflebeam "reportedly fabricated a false report that the typewriter was stolen." Id. at 11. As a result of this report, two officers were sent to search plaintiff's cell. Plaintiff was subject to other acts of retaliation by defendant Stufflebeam, including acts on June 7, 2006 and September 5, 2006.

Defendants Cervantes and Corioso refused to process plaintiff's inmate grievances.

DEFENDANTS' MOTION TO DISMISS

Defendants first contend that plaintiff failed to exhaust administrative remedies for any of the claims on which this action is proceeding prior to filing the action. On October 24,

2007, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). See Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

> "Section 1997e(a) of Title 42 of the United States Code provides: No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

Defendants contend that plaintiff failed to exhaust administrative remedies with respect to any of the claims raised in this action before the action was filed on October 18, 2006. In support of this contention, defendants have presented evidence that between the time the events that gave rise to the allegations in the fourth amended complaint occurred and the time this action was commenced, plaintiff submitted a total of twelve inmate grievances. Declaration of T. Moore, filed April 14, 2009, (Moore Declaration) at ¶ 3. One concerned the November 1,

4

2005 incident and was withdrawn by plaintiff. Id. and Ex. 1 to Moore Declaration. Of the five other grievances filed by plaintiff that arguably relate to the incidents at bar, none were resolved at the third and final level of administrative review prior to the time this action was filed. Id. and Exs. 1-12 of Moore Declaration.

Plaintiff does not dispute that he failed to exhaust administrative remedies prior to commencing this action. Instead, he argues that the alleged ongoing retaliation and reprisals forced him to proceed to court before exhausting his administrative remedies. This argument is without merit.

For the foregoing reasons, this court finds that plaintiff failed to exhaust administrative remedies for any of his claims against defendants Stufflebeam, Cervantes or Corioso prior to filing this action. For that reason, this action must be dismissed without prejudice.[2]

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's September 23, 2009 motion for judicial notice is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' April 14, 2009 motion to dismiss be granted; and

2. This action be dismissed without prejudice for failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

---

[2] In light of this finding, the court will not reach the remaining arguments in defendants' motion to dismiss.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
king0846.mtd